**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**TODD SMITH, ADC #156111**                                              **PETITIONER**

v.                                **Case No. 5:17-cv-00249-KGB**

**WENDY KELLEY**                                                             **RESPONDENT**

**ORDER**

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere on May 22, 2018 (Dkt. No. 10). Judge Deere recommends that petitioner Todd Smith's petition for a writ of *habeas corpus* be dismissed. Mr. Smith filed a timely objection to Judge Deere's Recommended Disposition (Dkt. No. 15). After careful review of the Recommended Disposition and Mr. Smith's objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusion.

In his *habeas* petition, Mr. Smith alleges ineffective assistance of trial counsel on three grounds. First, Mr. Smith alleges that his trial counsel was ineffective "for failing to object to multiple instances in which inadmissible hearsay testimony and testimony about uncharged conduct on Smith's part was elicited by the State at trial." (Dkt. No. 1, at 4). Second, Mr. Smith alleges that his trial counsel was ineffective "for failing to object and seek a mistrial when it was learned that one or more of the jurors in this case fell asleep during portions of the trial." (*Id.*, at 11). Finally, Mr. Smith alleges that his trial counsel was ineffective for failing to "take specific steps to call into question the credibility of the alleged victims in this case and for failing to highlight the inconsistences in their stories." (*Id.*, at 13). Respondent Wendy Kelley filed a response in opposition to the petition for a writ of *habeas corpus*, which, including exhibits, totaled

826 pages (Dkt. No. 9). In his objection, Mr. Smith re-raised each argument in his *habeas* petition, citing record evidence and case law.

The Court has reviewed the entire record *de novo* and the legal authorities cited in reaching its decision. Specifically, the Court agrees with Judge Deere that, under Supreme Court and Eighth Circuit precedents, the Arkansas Supreme Court's rejection of Mr. Smith's ineffective-assistance-of-trial-counsel claims was neither an unreasonable application of clearly established federal law nor an unreasonable determination of the facts.

Accordingly, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 10). The Court dismisses Mr. Smith's petition for a writ of *habeas corpus* with prejudice and denies the relief requested therein (Dkt. No. 1). The Court declines to issue a certificate of appealability. Mr. Smith may still apply to the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

It is so ordered this 28th day of April, 2020.

_____
Kristine G. Baker
United States District Judge